UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

JOSHUA LEE WRIGHT                              CIVIL ACTION NO. 06-1461

VERSUS                                         **REFERRED TO:**

U.S. COMMISSIONER SOCIAL                       **MAGISTRATE JUDGE HORNSBY**
SECURITY

**MEMORANDUM RULING**

**Introduction**

Joshua Wright ("Plaintiff") filed an application for supplemental security income based on limitations associated with cerebral palsy. Plaintiff was 19 years old at the time of his hearing before ALJ W. Thomas Bundy. Plaintiff does not have any past work experience, but he does have a high school education and has begun attending community college. The ALJ assessed the case under the five-step sequential analysis and determined at step five, based on the testimony of a vocational expert ("VE"), that there are a significant number of jobs available that Plaintiff could perform despite his limitations.

The Appeals Council denied a request for review. Plaintiff filed this civil action seeking judicial review pursuant to 42 U.S.C. § 405(g). Both parties filed written consent to have a magistrate judge decide the case and, pursuant to 28 U.S.C. § 636(c) and the standing order of the district court governing social security cases, the action was referred to the undersigned for decision and entry of judgment. For the reasons that follow, the Commissioner's decision to deny benefits will be affirmed.

**Standard of Review; Substantial Evidence**

This court's standard of review is (1) whether substantial evidence of record supports the ALJ's determination, and (2) whether the decision comports with relevant legal standards. Villa v. Sullivan, 895 F.2d 1019, 1021 (5th Cir. 1990). "Substantial evidence is more than a scintilla and less than a preponderance. It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Muse v. Sullivan, 925 F.2d 785, 789 (5th Cir. 1991). A finding of no substantial evidence is justified only if there are no credible evidentiary choices or medical findings which support the ALJ's determination. Johnson v. Bowen, 864 F.2d 340, 343-44 (5th Cir. 1988).

**Listing 11.07D**

Plaintiff argues that the ALJ erred when he did not find that Plaintiff should be deemed disabled pursuant to Listing 11.07D. The listings found in the regulations describe levels of impairment related to each of the major body systems. The Commissioner has set the medical criteria defining the listed impairments at a higher level of severity than the statutory standard. The listings define impairments that would prevent an adult, regardless of his age, education, or work experience, from performing *any* gainful activity, not just "substantial gainful activity." Sullivan v. Zebley, 110 S.Ct. 885, 891 (1990); 20 C.F.R. § 404.1525 and § 416.925.

Listings criteria are "demanding and stringent." Falco v. Shalala, 27 F.3d 160, 162 (5th Cir.1994). A mere diagnosis of a condition will not suffice. The claimant "must have

a medically determinable impairment(s) that satisfies all of the criteria in the listing." § 404.1525(d); § 416.925(d). The burden of proof rests with a claimant to provide and identify medical signs and laboratory findings that support all criteria for a Step 3 listing determination. Sullivan,110 S.Ct. at 891("For a claimant to show that his impairment matches a listing, it must meet all of the specified medical criteria").

If an impairment does not *meet* a listing, it may also entitle the claimant to a finding that he is disabled if his impairment or combination of impairments is *medically equivalent* in severity to the listing. § 404.1526 and § 416.926. If the claimant argues for medical equivalency, the standard is similarly demanding. And the claimant may not establish listings level severity through subjective testimony. Sullivan, 110 S.Ct. at 891-92. Rather, the claimant must point to medical findings that support each of the criteria for the equivalent impairment determination. Selders v. Sullivan, 914 F.2d 614, 619 (5th Cir.1990).

Listing 11.07 provides for disability when the claimant has "Cerebral Palsy. With: . . . D. Disorganization of motor function as described in 11.04B." The referenced listing reads as follows: "Significant and persistent disorganization of motor function in two extremities, resulting in sustained disturbance of gross and dexterous movements, or gait and station (see 11.00C)." The referenced 11.00C provides: "Persistent disorganization of motor function in the form of paresis or paralysis, tremor or other involuntary movements, ataxia and sensory disturbances (any or all of which may be due to cerebral cerebellar, brain stem, spinal cord, or peripheral nerve dysfunction) which occur singly or in various combinations,

frequently provides the sole or partial basis for decision in cases of neurological impairment. The assessment of impairment depends on the degree of interference with locomotion and/or interference with the use of fingers, hand, and arms."

Plaintiff does not contest the ALJ's assessment of the facts. The ALJ observed that Plaintiff, despite his health problems, was a full-time student attending his second semester of college. He was majoring in data analysis and had a healthy grade point average. Plaintiff drove to and from school and enjoyed going to the mall with friends and a good social life. Plaintiff said that he was not under any medical restrictions, but his mother contended that he was under restrictions due to limitations in balancing, walking, and using his hands. Plaintiff reported no difficulty carrying his books, sitting in class or maintaining good attendance.

The ALJ did not entirely discount Plaintiff's health problems. Rather, he found that they were so severe as to preclude all work except a limited range of sedentary work. The limits imposed by the ALJ included the ability to stand/walk for up to two hours in an eight-hour work day and "limited ability" to push/pull with his upper and lower extremities, or to reach with his arms, or to perform handling (gross manipulation) activities.

Plaintiff urges that if his impairments so limit his ability to stand/walk and to use his upper extremities in such a fashion, then the ALJ's findings are equivalent to a finding that the listing was satisfied. The ability to stand or walk for two hours per day, a limitation that is imposed on many applicants who do not have cerebral palsy, is not the automatic

equivalent of a sustained disturbance of gait and station. Similarly, limited abilities with the upper extremities that impact the ability to perform a full range of sedentary work is not the necessary equal of persistent disorganization of motor function in a form such as paralysis or involuntary movements that are required to trigger the listing. Plaintiff has not satisfied his burden with respect to this step three issue.

**Vocational Expert**

The ALJ asked a VE to assume a person with Plaintiff's RFC and other vocational factors. The ALJ then asked whether such a person would be capable of performing the demands of jobs that exist in significant numbers. The VE testified that the person would be able to perform the requirements of a telephone quotation clerk, a charge account clerk, and a surveillance system monitor. She added that several thousand such jobs are available in this state and region. The VE stated that the evidence provided did not conflict with the Dictionary of Occupational Titles ("DOT"). Tr. 90. The VE's report was forwarded to counsel for Plaintiff (not current counsel), and the opportunity was permitted for counsel to submit written questions or request a supplemental hearing. There is no indication that counsel objected to the VE's testimony or requested an opportunity for cross examination. The ALJ relied on the VE's testimony and included a finding that the testimony was consistent with information in the DOT. Tr. 17.

Plaintiff now argues on appeal that two of the three jobs identified by the VE are described in the DOT as requiring the employee to be able to reach and handle on a frequent

basis, an activity that is at odds with Plaintiff's inability to perform handling (gross manipulation) activities. A similar conflict was raised in Carey v. Apfel, 230 F.3d 131, 146 (5th Cir. 2000). The Court was not convinced there was a true conflict but, moreover, it noted that counsel for the claimant was given an opportunity to object or cross-examine the VE but did not do so. The Court held that, to the extent there was any implied or indirect conflict, the claimant would not be permitted to raise the issue in a judicial appeal when the conflict had not been deemed sufficient to merit adversarial development in the administrative hearing. See also White v. Astrue, 240 Fed. Appx. 632 (5th Cir. 2007).

Judicial relief is not warranted in these circumstances. There is an arguable conflict, but it is one that could and should have been developed and resolved during the administrative proceedings. At this point, the potential conflict is not enough to deprive the ALJ's decision of substantial evidence in the form of the VE's testimony, especially when one of the jobs identified is not arguably in conflict with the DOT. A judgment will be entered affirming the Commissioner's decision.

THUS DONE AND SIGNED at Shreveport, Louisiana, this 4th day of February, 2008.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE